UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALI ESSEILY,

                Plaintiff,

       -against-

KATHY HOCHUL, et al.,

                Defendants.

24 Civ. 2932 (LGS)

**ORDER OF DISMISSAL**

LORNA G. SCHOFIELD, District Judge:

    Plaintiff Ali Esseily, who resides in Dearborn, Michigan, paid the fees to bring this action pro se. The Court dismisses the complaint for the reasons set forth below.

**I.    BACKGROUND**

    In 2000, Plaintiff paid the fees to file a pro se complaint in this court against then-Mayor Rudy Giuliani. Plaintiff, a robbery victim, alleged that the Mayor had "abus[ed] his power" by failing to prosecute "Jewish crimes" and by "protecting Jewish criminals."[1] *Esseily v. Giuliani*, No. 00 Civ. 5271, 2000 WL 1154313, at *1 (S.D.N.Y. Aug. 14, 2000) ("*Esseily I*"). The court liberally construed the complaint as asserting a claim under the Freedom of Information Act ("FOIA") and a demand that those responsible for the robbery be arrested and prosecuted; it then dismissed the complaint for failure to state a claim. *Id.* The Court of Appeals affirmed the dismissal. *Esseily v. Giuliani*, No. 01-7179-CV, 22 F. App'x 77, 78, 2001 WL 1574210, at *1 (2d Cir. Dec. 4, 2001) (holding that the federal FOIA statute applied only to federal agencies and that Plaintiff lacked standing to challenge prosecutorial decisions).

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

Plaintiff has now filed this new complaint (the "Complaint") against New York State Governor Kathy Hochul, New York State Attorney General Letitia James, New York City Mayor Eric Adams, New York County District Attorney Alvin Bragg, and an "Unknown Judge." This Complaint contains similar allegations about the government's failure to prosecute crime. Attachments to the pleading include (1) an undated form from the New York Police Department denying Plaintiff's request for a "complete full report" without a subpoena; (2) a police report identifying Plaintiff as the complainant in a 1987 store robbery at 407 Park Avenue in Manhattan; and (3) a portion of another document indicating Plaintiff had been "struck in the eye with [an] unknown object." Plaintiff's Complaint appears to seek information about the investigation and prosecution of the 1987 store robbery and an injunction requiring Defendants to comply with the law.

## II. STANDARD

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam); *accord Thomas v. Carter*, 581 F. Supp. 3d 651, 654 (S.D.N.Y. 2022), *appeal dismissed*, No. 22-396-CV, 2022 WL 18859472 (2d Cir. Sept. 2, 2022), or that the Court lacks subject matter jurisdiction, *Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 121 (2d Cir. 2024) ("Once a federal court determines it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety."). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Thomas v. Carter*, No. 22-396-CV, 2022 WL 18859472 at *1 (2d Cir. Sept. 2, 2022) (summary order); *see also Jean-Baptiste v. Almonte Stream Food Corp.*, No. 23-438, 2023 WL 7293777, at *1 (2d Cir. Nov. 6, 2023), *cert. denied*, No. 23-810, 2024 WL 1348860 (U.S. Apr. 1, 2024) (a complaint is frivolous where "the factual contentions are clearly baseless, such as . . . when the claim is based on an indisputably meritless

legal theory."). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994); *accord Thomas*, 581 F. Supp. 3d at 655. The Court is obliged, however, to construe pro se pleadings liberally and interpret them to raise the strongest arguments that they suggest. *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022).

## III. DISCUSSION

### A. This Complaint

The Court dismisses the Complaint for the same reasons the court dismissed *Esseily I*. First, to the extent Plaintiff seeks police records about the 1987 robbery, the federal FOIA statute, 5 U.S.C. § 552, applies only to federal agencies and not to state or city agencies. *See Grand Cent. P'ship v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999) ("[I]t is beyond question that FOIA applies only to federal and not to state agencies."); *accord Brannon v. Delta Airlines, Inc.*, 434 F. Supp. 3d 124, 128 n.2 (S.D.N.Y. 2020). Because the Complaint does not allege that Plaintiff has requested records from any federal agency, the Complaint fails to state a claim under FOIA. This Court lacks authority to grant relief over any claim Plaintiff may be asserting under the New York State Freedom of Information Law ("FOIL"), N.Y. Pub. Off. Law § 87. *See Posr v. City of New York*, No. 10 Civ. 2551, 2013 WL 2419142, at *14 (S.D.N.Y. June 4, 2013) ("Under New York state law, if an agency or government official fails to comply with the provisions of FOIL, the person submitting the FOIL request must pursue an administrative appeal or seek remedies in state court pursuant to N.Y. C.P.L.R. Article 78."), *aff'd sub nom.*, *Posr v. Ueberbacher*, 569 F. App'x 32 (2d Cir. 2014).

Second, Plaintiff cannot initiate the arrest and prosecution of any individual or entity in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981) (per curiam); *accord Rivers v. Dep't of Corr. NYC*,

No. 24 Civ. 120, 2024 WL 1621417, at *5 (S.D.N.Y. Apr. 15, 2024). Nor can Plaintiff or the Court direct prosecuting attorneys to initiate a criminal proceeding against anyone, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co., Inc.*, 457 F.2d 81, 87 (2d Cir. 1972); *accord Sejas v. U.S. Att'y's Off.*, No. 22 Civ. 9358, 2023 WL 1779642, at *3 (S.D.N.Y. Feb. 3, 2023).

The Complaint's claims arising from the alleged failure to prosecute are therefore dismissed.

### B. Denial of Leave to Amend

District courts generally grant a pro se plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *accord Hahn v. New York*, 825 Fed. App'x 53, 55 (2d Cir. 2020) (summary order). Because the defects in the Complaint cannot be cured with an amendment, the Court declines to grant leave to amend the Complaint.

"While [the Second Circuit] generally discourage[s] . . . dismissing an action sua sponte without notice and opportunity to respond, [courts] have recognized exceptions for unmistakably defective pleadings and serial litigation that reasserts claims previously dismissed." *Dwyer v. United Kingdom Gen. Commc'ns Headquarters*, No. 22-3012-CV, 2024 WL 259693, at *1 n.1 (2d Cir. Jan. 24, 2024) (summary order). This is the second lawsuit that in substance reasserts claims that were previously dismissed. Further duplicative litigation in this Court could result in an order barring Plaintiff from filing new complaints without prior leave of court, regardless of whether he pays the fees or seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1651.

### IV. CONCLUSION

For the reasons stated above, the Complaint is dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962); *accord 615 (Bldg.) Co. LLC v. Smith*, No. 24 Civ. 753, 2024 WL 1715257, at *2 (S.D.N.Y. Apr. 22, 2024).

The Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

Dated: May 1, 2024
       New York, New York

                                              LORNA G. SCHOFIELD
                                        UNITED STATES DISTRICT JUDGE